UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:89-CR-247-T-17TGW

ISNY JOSEPH.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 42 | Motion Requesting Modification of Sentence Pursuant to 18 U.S.C. Sec. 3582(c)(2), "Fair Sentencing Act of 2010" and "The First Step Act of 2018" |
| Dkt. 45 | First Step Memorandum |
| Dkt. 48 | Motion for Sentence Reduction Under the First Step Act of 2018 |

Defendant Isny Joseph moves for sentence reduction under Section 404 of the First Step Act and 18 U.S.C. Sec. 3582(c)(1)(B). Defendant Joseph requests that the Court reduce his previously imposed sentence of imprisonment as to Counts 1 and 3 to 60 months, and his term of supervised release as to Counts 1 and 3 to 4 years, with the consecutive sentences as to Counts 2 and 4 to remain intact. In the alternative, Defendant requests that the Court reduce Defendant's aggregate sentence to time served, effective June 11, 2019, and his term of supervised release as to Counts 1 and 3 to 4 years.

The Government has advised Defendant Joseph's counsel that it will agree only to a reduction of Defendant's sentence to time served, effective June 11, 2019. The Government's concern is based on Defendant Joseph's lack of a release plan.

Case No. 8:89-CR-247-T-17TGW

I. Background

Defendant Isny Joseph pleaded guilty to Counts 1, 2, 3 and 4 of the Indictment:

Count 1   Distribution of 50 grams or more of crack; violation of 21 U.S.C. Sec. 841(a)(1);

Count 2   Use of firearm during drug trafficking crime; violation of 18 U.S.C. Sec. 924(c);

Count 3   Conspiracy to possess with intent to distribute 500 grams or more of cocaine; violation of 21 U.S.C. Sec. 846

Count 4   Use of firearm during drug trafficking crime; violation of 18 U.S.C. Sec. 924(c).

On June 12, 1990, Defendant Joseph was sentenced to a term of imprisonment of 121 months on Counts 1 and 3, concurrent; to a 60-month mandatory term of imprisonment on Count 2, consecutive to Counts 1 and 3; and to a 240-month mandatory term of imprisonment on Count 4, consecutive to Counts 1, 2 and 3. Defendant Joseph was further sentenced to the following term of supervised release:

Count 1   5 years
Count 2   3 years
Count 3   4 years
Count 4   3 years.

The terms of supervised release on Counts 2, 3 and 4 are concurrent with the term imposed on Count 1. (Dkt. 1-4).

2

Case No. 8:89-CR-247-T-17TGW

On March 18, 2008, Defendant Joseph moved for a sentence reduction pursuant to 18 U.S.C. Sec. 3582, based on the retroactive application of Sentencing Guidelines to a crack cocaine offense. (Dkt. 2). The Court granted the Motion, reducing Defendant Joseph's term of imprisonment to 120 months. (Dkts. 14, 16). Defendant Joseph appealed this Order and Amended Judgment. (Dkt. 17). The Eleventh Circuit Court of Appeals dismissed the appeal pursuant to Appellant's motion to dismiss. ( Dkt. 20).

On September 16, 2013, Defendant Joseph moved for a sentence reduction pursuant to 18 U.S.C. Sec. 3582, based on the retroactive application of Sentencing Guidelines to a crack cocaine offense. (Dkt. 21). The Court denied the Motion. (Dkt. 27). Defendant Joseph appealed this Order. (Dkt. 28). The Eleventh Circuit Court of Appeals affirmed. (Dkts. 30, 31).

On July 14, 2015, U.S. Probation filed an Amendment 782 Memorandum. (Dkt. 34).

The Federal Public Defender filed a Notice that the requirements imposed by the Amendment 782 Omnibus Order were satisfied. (Dkt. 35). Thereafter, Defendant Joseph filed an Amendment 782 motion for sentence reduction. (Dkt. 37). The Court denied Defendant Joseph's Motion. (Dkt. 41).

II.  Discussion

Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack

3

Case No. 8:89-CR-247-T-17TGW

cocaine offense. First Step Act, § 404(b). The First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. See First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). The Court may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

Because Defendant Joseph's offense in Count 1 now falls under 21 U.S.C. Sec. 841(b)(1)(B) pursuant to the Fair Sentencing Act, the statutory range of imprisonment is now 5 to 40 years, and the minimum term of supervised release is now 4 years.

The guideline range that applies to Defendant Joseph has changed:

| Last Applied Guideline | | Amended Guideline | |
|---|---|---|---|
| Total Offense Level: | 30 | Amended Offense Level: | 24 |
| Criminal History Category: | I | Criminal History Category | I |
| Imprisonment Range: | 120-121 months | Imprisonment Range: | 51-63 months |
| Supervised Release Range: | 5 years | Supervised Release Range: | 4-5 years |
| Fine Range: | $15,000-$6,500,000 | Fine Range: | $10,000- $6,000,000 |

(Dkt. 45, p. 2)

4

Case No. 8:89-CR-247-T-17TGW

A. Eligibility

It is undisputed that Defendant Joseph is eligible for a sentence reduction under section 2 of the Fair Sentencing Act, which increased the quantity of cocaine base required to trigger the statutory penalties in 21 U.S.C. Sec. 841(b)(1)(A). Defendant Joseph's sentence was not previously imposed or reduced under the Fair Sentencing Act.

B. Is Sentence Reduction Warranted?

The Section 3553(a) factors include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed to reflect the seriousness of the offense;

3. the need for the sentence imposed to afford adequate deterrence;

4. the need to protect the public;

5. the need to provide the defendant with educational or vocational training or medical care;

6. the kinds of sentences available;

7. the Sentencing Guidelines range;

8. the pertinent policy statements of the Sentencing Commission;

9. the need to avoid unwanted sentencing disparities;

10. the need to provide restitution to victims.

Case No. 8:89-CR-247-T-17TGW

See United States v. Smith, 568 F.3d 923, 928, n. 2 (11th Cir. 2009). The Court considers these factors in imposing sentence, to determine a sentence that is sufficient, but not greater than necessary.

Although 18 U.S.C. Sec. 3582(c)(1)(b) does not refer to Sec. 3553(a), the Court notes that the First Step materials offered by the United States Sentencing Commission, Office of Education and Sentencing Practice, state "[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing."

The Court has reviewed the pleadings and the record. Defendant Joseph has been in custody for 29 years. Defendant Joseph's current projected release date is May 4, 2020. The Court notes that Defendant Joseph has participated in only one 38-hour course, and BOP records indicate nine disciplinary violations during Defendant Joseph's term of imprisonment, with the last occurring in 2015. Some of the disciplinary violations involve possession of narcotics and refusal to obey orders. The disciplinary violations reflect Defendant Joseph's history and characteristics. While violations such as possession of narcotics and refusal to obey orders do show disrespect for the law, there have been no disciplinary violations for four years.

The Court has considered the need to avoid unwarranted sentencing disparities, and notes that other courts granting reductions under the First Step Act have reduced sentences to time served, even where a defendant has already served more than the applicable guidelines range. The Court notes that U.S.S.G. Sec. 1B1.1.10(b)(1)(C) provides "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

Case No. 8:89-CR-247-T-17TGW

After consideration, the Court grants Defendant Joseph's Motion for Sentence Reduction under the First Step Act of 2018. The Court further finds that the Government's request that this Order be made effective as of June 11, 2019 is a reasonable administrative request, as it will permit additional time for Defendant Joseph to formulate a release plan. Accordingly, it is

**ORDERED** that pro se Defendant Isny Joseph's Motion Requesting Modification of Sentence Pursuant to 18 U.S.C. Sec. 3582 (Dkt. 42) is **denied as moot**; Defendant Isny Joseph's Motion for Sentence Reduction under the First Step Act of 2018 (Dkt. 48) is **granted in part**. Defendant Joseph's sentence as to Counts 1 and 3 is reduced to time served, effective as of June 11, 2019, and the term of supervised release as to Count 1 is reduced to 4 years. The term of supervised release as to Count 3 remains at 4 years. Except as provided in this Order, all other provisions of the judgment dated June 15, 1990 remain in effect.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 24th day of April, 2019.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
U.S. Probation Office
Bureau of Prisons